**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LUIS ALVERTO LOBO-CARCAMO,

    Petitioner,

v.                                                             CASE NO: 8:08-cv-2153-T-30-EAJ
                                                                Crim. Case No: 8:07-cr-151-T-30-EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) filed on October 27, 2008. The Government has filed a response to the motion (CV Dkt. 6). Upon review, this court determines that ground one should be denied, but that it is necessary to have an evidentiary hearing concerning the factual basis of ground two.

## BACKGROUND

On March 3, 2007, a federal grand jury returned a two-count indictment charging Luis Alverto Lobo-Carcamo (hereinafter referred to as "Petitioner") with knowingly and willfully conspiring and agreeing with other persons known and unknown to the Grand Jury, to possess with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, contrary to the provisions of 46 U.S.C. § 70503(a)(1), 70506(a), and 70506(b); and 21 U.S.C. § 960(b)(1)(B)(ii) (Count One), and

knowingly and intentionally, while aiding and abetting other persons known and unknown to the Grand Jury, possessing with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to 46 U.S.C. § 70503(a)(1) and 70506(a); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two) (CR Dkt. 1). Petitioner entered into a plea agreement on July 17, 2007, whereby he agreed to enter a plea of guilty to Count One of the indictment in exchange for the Government's promise to dismiss Count Two at sentencing (CR Dkt. 99 at 1-2). As one of the terms of his plea agreement, Petitioner expressly waived his right to appeal his sentence:

> or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18 United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18 United States Code, Section 3742(a).

*Id.* at 10. On July 18, 2007, Petitioner appeared with counsel and entered a plea of guilty to Count One of the indictment (CR. Dkt. 223 at 1). Petitioner was sentenced on November 1, 2007, to a term of one hundred and eighty-eight (188) months, to be followed by a 60-month term of supervised release, and ordered to pay a special assessment of $100 (CR Dkt. 145 at

1). Judgment was entered November 2, 2007 (CR Dkt. 145). On November 7, 2007, Petitioner filed a notice of Declaration of Intent to Appeal declaring his intent <u>not</u> to appeal (CR Dkt. 148 at 1).

On October 27, 2008, Petitioner timely filed the instant motion seeking relief pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). In his motion, Petitioner asserts the following claims for relief:

> ***Ground One***: [Petitioner's] guilty plea was not voluntarily and knowingly made [and the court failed to] address defendant personally in open court and ascertain that he/she [understood the] terms of any waiver provisions in [the] plea agreement [as the law requires].
>
> ***Ground Two***: [C]ounsel was constitutionally ineffective by fail[ing] to file a timely notice of appeal . . . . [or] to preserve [Petitioner's] right to a direct appeal.

*Id.* at 4-5. In response to the petition, the Government asserts that Petitioner "knowingly and voluntarily agreed to waive his right to appeal" (CV Dkt. 6 at 8). Further, the Government asserts that the Petitioner has not shown that his counsel's performance was deficient or that Petitioner was prejudiced by his counsel's actions. *Id.* at 12. Therefore, "his claim is without merit and should be dismissed." *Id.* at 8. For the reasons set forth below, the court finds that Petitioner's first contention is without merit and that an evidentiary hearing is necessary to resolve Petitioner's second contention.

## **DISCUSSION**

### *Ground One*

As stated *supra*, Petitioner's first contention is that his guilty plea was not voluntarily and knowingly made and the court failed to address Petitioner personally in open court and

ascertain that he understood the terms of the waiver provisions in the plea agreement (CV Dkt. 1 at 4). This contention is factually incorrect. In fact, the court did address Petitioner personally in open court and did ascertain that he understood the terms of any waiver provisions in the plea agreement.

At Petitioner's sentencing hearing, Petitioner acknowledged under oath that he had read the plea agreement and understood the terms set forth therein (CR Dkt. 231 at 22). More specifically, the following colloquy took place at the sentencing hearing:

> THE COURT: . . . Mr. Lobo, have you had a full opportunity to discuss this case and review the charges with your Attorney?
>
> DEFENDANT: Yes.
>
> THE COURT: Are you completely satisfied with the advice and representation your Attorney has provided to you?
>
> DEFENDANT: Yes.
>
> * * *
>
> THE COURT: Okay. I'm going to ask the Court Security Officers to show the defendants some certain documents. For Mr. Lobo there are two documents: The Notice Regarding Entry of Plea of Guilty and the Plea Agreement. . . . Please look at these documents and then I'm going to ask you whether those are your signatures and whether the Plea Agreement is a true copy of the one you signed. Thank you. All right. Mr. Lobo, are those your signatures?
>
> DEFENDANT: Yes.
>
> THE COURT: Were they translated to you in Spanish before you signed them?
>
> DEFENDANT: Yes.

THE COURT: Do you feel that you understand what is in them?

DEFENDANT: Yes.

* * *

THE COURT: . . . [T]his applies to . . . Mr. Lobo [,] . . . there is a provision that significantly limits your right to appeal your case on any ground except for three things and I'm going to ask the prosecutor to read that so we can discuss it. . . . So, please listen carefully. . . .

MR. HOFFER: . . . The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground including the ground that the Court erred in determining the applicable guideline range pursuant to the United States Sentencing Guidelines except, a, the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, b, the ground that the sentence exceeds the statutory maximum penalty or, c, the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed as authorized by Title 18 United States Code, Section 3742(B), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18 United States Code Section 3742(A).

THE COURT: Mr. Lobo, before coming to court, did you have a full chance to talk with your Attorney about this part of your Plea Agreement?

DEFENDANT: Yes.

* * *

THE COURT: Now, let me tell you that there are two ways you can challenge your sentence after it's imposed. You can file an

appeal, where you go to a higher court that hears an argument that the lower court has made a mistake or you can go back to the court, the trial court who sentenced you, that is the Judge in what is called a collateral motion and argue that a mistake was made that affected your sentence.

One of the issues that a person can raise is that the attorney representing the defendant was ineffective in a serious way that caused a different outcome for the guilty plea or the sentence. That is called a claim of ineffective assistance of counsel. I'm not suggesting in any way that you would have such a claim but I must advise you that a claim of ineffective assistance of counsel is not one of these three grounds that you're permitted to challenge as part of this waiver of appeal. So, if you later have such a claim, then it would not be permitted to be raised because of this waiver provision based on the current case law. Do you understand what I've told you, Mr. Lobo?

DEFENDANT: Yes.

THE COURT: Mr. Crawford, has this specific issue been raised with your client?

MR. CRAWFORD: Yes, Your Honor, we discussed it at length.

* * *

THE COURT: Mr. Lobo, do you make the waiver of appeal knowingly?

DEFENDANT: Yes.

THE COURT: Do you make it voluntarily?

DEFENDANT: Yes.

* * *

THE COURT: . . . As I've said before, if you don't like the sentence the Judge gives you or if you don't understand or

object to the Guidelines calculations, you cant change your mind about pleading guilty at that point; it is just too late. Do you understand that, Mr. Lobo?

DEFENDANT: Yes.

\* \* \*

THE COURT: Now, Mr. Lobo . . . who signed a Plea Agreement [has] a very limited right to appeal or challenge [his] sentence after it is imposed. That is under the waiver of appeal provision. . . . Do any of you have any questions about what I've just told you?

DEFENDANT: No.

\* \* \*

THE COURT: Okay. At this point do any of you have any questions at all about the consequences of your guilty plea or the rights you are giving up?

DEFENDANT: No.

\* \* \*

THE COURT: All right. Very well. I find that the defendant[ has] knowingly, intelligently, and voluntarily pled guilty. I find that [he is] competent and there is an independent basis in fact as to each essential element of the offense. . . . If you do not make any objection, you could be limited in your right to later complain that the Court should not have accepted your guilty plea. Any questions about that, Mr. Lobo?

DEFENDANT: No, none.

*Id.* at 20-22, 39-42, 50-52, 55-56.

Thus, the foregoing illustrates that, contrary to Petitioner's contention, the court did personally address Petitioner and ascertain that Petitioner understood the terms of the waiver

provisions in the plea agreement and that Petitioner voluntarily entered his guilty plea.

### *Ground Two*

"A defendant claiming ineffective counsel must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 477-478 (2000)(quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). The Supreme Court later elaborated on this test and created a framework for analyzing claims concerning an attorney's alleged failure to file a notice of appeal. *Flores-Ortega*, 528 U.S. at 473, 477.

The first step in the framework is determining "whether counsel in fact consulted with the defendant about an appeal." *Id.* at 478. Consulting involves "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* As long as counsel has consulted with the defendant, counsel's performance can only be per se deficient if counsel fails to file an appeal on behalf of a defendant who requests it. *Id.* If counsel has not consulted with the defendant, the next step is determining whether counsel had a duty to consult the defendant. *Id.* If counsel had a duty to consult, then counsel's failure to consult with the defendant itself constitutes deficient performance. *Id.* Counsel has a duty to consult with the defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appeal." *Id.* at 480.

If counsel's performance is deemed deficient, the analysis then proceeds to whether that deficiency caused prejudice to the defendant. *Strickland*, 466 U.S. at 688. In accordance with *Strickland*, *Flores-Ortega* held that in order to show prejudice, the defendant "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. Subsequently, the Eleventh Circuit described this second prong of *Strickland* as follows: "If the evidence establishes either that Petitioner's attorney acted contrary to his client's wishes, or that he failed to fulfill his duty to attempt to determine his client's wishes, prejudice is presumed . . . ." *Gomez-Diaz v. United States*, 433 F.3d 788, 793 (2005).

In the instant case, Petitioner explicitly stated on the record at his sentencing hearing: "Yes, I do want to appeal" (CR Dkt. 231 at 28). This alerted counsel that Petitioner was interested in appealing and triggered his duty to consult. In his § 2255 motion, Petitioner asserts that counsel "neglect[ed] to take any affirmative action to determine [Petitioner's] intentions prior to the expiration of the period in which notice of appeal [could have been] filed" (CV Dkt. 1 at 4). Thus, an evidentiary hearing is necessary to determine whether counsel fulfilled his constitutional duty to consult with Petitioner and to make a reasonable effort to determine Petitioner's wishes.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. Ground one in Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. 1) is DENIED.

2. As to ground two, an evidentiary hearing will be held on **THURSDAY, SEPTEMBER 10, 2009, AT 1:30 P.M.** at the U.S. Sam Gibbons Courthouse, 801 North Florida Ave, Courtroom #13A, Tampa, Florida 33602. Time reserved: TWO (2) hours. Spanish interpreter required.

3. The Government is directed to transport Petitioner to the Tampa, Florida, area at least ten (10) days prior to the hearing so that he may meet with newly appointed counsel and attend the hearing. Further the Government is directed to subpoena STEPHEN CRAWFORD, Esquire, to be present at the hearing with his file concerning his representation of Petitioner.

4. Magistrate Judge Elizabeth Jenkins is requested to appoint new CJA counsel for Petitioner and instruct said counsel to be prepared to address the issue raised by Petitioner in ground two of his § 2255 motion herein.

**DONE** and **ORDERED** in Tampa, Florida on June 26, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record
United States Marshal
Stephen Crawford, Esq.

F:\Docs\2008\08-cv-2153.evid hrg.wpd